IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20154
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DOUGLAS FUSILIER,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-01-CR-272-1)
--------------------
February 10, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Douglas Fusilier appeals his conviction for two counts of bank robbery. He contends that the district court abused its discretion by failing to exclude the testimony of Priscilla Salazar, a teller at the first bank he robbed. He argues that Salazar's testimony should have been excluded because, on the day before Salazar testified, Laurie Rector, a teller at the second bank robbed, talked to other witnesses sitting together outside the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

courtroom, in violation of the sequestration rule of Fed. R. Evid. 615.

Rule 615 of the Federal Rules of Evidence ("FRE 615") provides that, at the request of a party, the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses. The core purpose of the rule is to "aid in detecting testimony that is tailored to that of other witnesses and is less than candid." United States v. Wylie, 919 F.2d 969, 976 (5th Cir. 1990). Although FRE 615 sequestration is mandatory, the district court has discretion to allow the testimony of a witness who violates a sequestration order; and we review a court's decision to do so deferentially, for abuse of discretion. United States v. Posada-Rios, 158 F.3d 832, 871 (5th Cir. 1998).

In evaluating whether an abuse of discretion has occurred, we focus on whether the witnesses' out-of-court conversations concerned substantive aspects of the trial and whether the court allowed the defense to explore the conversations fully during cross-examination. Id. at 871-72. We examine de novo whether the defendant suffered "sufficient prejudice" to warrant reversal. Wylie, 919 F.2d at 976.

Here, the district court conducted a thorough inquiry into the possible violation of FRE 615. The record does not support the conclusion that Salazar heard Rector mention that the prosecutor had asked her about dye-stained money. In addition, Salazar testified that she was not able to give Fusilier a dye pack during

2

the first robbery. Thus, there is nothing to suggest that the testimony elicited from Salazar was influenced by any conversation with Rector, who testified that she was able to give a dye pack to Fusilier. Accordingly, Fusilier has failed to identify any portion of Salazar's testimony that was either "tailored or less than candid." Furthermore, defense counsel was afforded ample opportunity to examine the various witnesses regarding the asserted violation of FRE 615. We discern no abuse of discretion by the trial court in not excluding Salazar's testimony.

In contesting his sentence, Fusilier contends that the district court erred in assessing a two-level increase in his base offense level for making a "threat of death" pursuant to U.S.S.G. § 2B3.1(b)(2)(F). The increase was based on Rector's testimony that Fusilier handed her a note with the word "die" highlighted on it. Fusilier shows that, in the initial police report, Rector told the investigating officer that she believed that the word was either "dye" or "die." Fusilier alternatively argues that even if the word in the note was "die," there was no indication that he was armed or had the present ability to carry out the threat.

For purposes of § 2B3.1(b)(2)(F), a "threat of death" may be in the form of an oral or written statement, or a non-verbal act or gesture, or a combination thereof. See § 2B3.1, comment. (n.6). The defendant does not have to state expressly his intent to kill the victim for the enhancement to apply. Id. Rather, the sentencing court must determine whether the defendant "engaged in

3

conduct that would instill in a reasonable person, who is victim of the offense, a fear of death." <u>Id</u>.

Here, the district court did not clearly err in concluding, based on its review of the transcript and its own notes, that the teller, Rector, testified that the word used in the note was "die" not "dye." <u>See</u> <u>United States v. Roberts</u>, 203 F.3d 867, 869 (5th Cir. 2000)(review of the district court's finding is for clear error). Fusilier's alternative argument that there was no indication that he had the ability to carry out his threat is inapposite: The focus of the sentencer's inquiry is not on whether the threat could be effectuated, but on whether the defendant engaged in conduct intended to instill a fear of death. <u>See</u> § 2B3.1, comment. (n.6). For the foregoing reasons, Fusilier's conviction and sentence are, in all respects,

AFFIRMED.

S:\OPINIONS\UNPUB\02\02-20154.0.wpd
4/29/04  9:03 am